IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DONALD F. DAVIS,                    §
                                    §
        Petitioner,                 §
                                    §
VS.                                 §        No. 4:17-CV-851-Y
                                    §
LORIE DAVIS, Director,              §
Texas Department of Criminal        §
Justice, Correctional               §
Institutions Division,              §
          Respondent.               §

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 filed by Petitioner, Donald F. Davis,

a state prisoner incarcerated in the Texas Department of Criminal

Justice, Correctional Institutions Division (TDCJ), against Lorie

Davis, director of TDCJ, Respondent. After having considered the

petition and relief sought by Petitioner, the Court has concluded

that the petition should be dismissed as time-barred.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was on parole from a 2-year sentence for his 2005

conviction for theft under $1,500 in Tarrant County, Texas, Case

No. 0964559D, when he was arrested by Grand Prairie police on new,

drug-related charges. (Pet. 6, doc. 3.[1]) In December 2006,

Petitioner was indicted on the new charges in Tarrant County, Case

---

[1]Because pages are inserted into the form petition, the pagination in the
ECF header is used to avoid confusion.

No. 1034587D, for possession of cocaine of four grams or more but less than two hundred grams with intent to deliver (count one) and possession of cocaine of four grams or more but less than two hundred grams (count two). The indictment also included a habitual-offender notice. (Clerk's R., vol. 1, 2-3, doc. 15-5.) On November 15, 2007, a jury found Petitioner guilty on count two, and, subsequently, on November 26, 2007, Petitioner pleaded true to the habitual-offender notice and the jury assessed his punishment at 25 years' confinement in TDCJ. (Clerk's R., vol. 2, 324, doc. 15.4.) Petitioner appealed his conviction, but the Seventh District Court of Appeals of Texas affirmed the trial court's judgment and, on May 26, 2010, the Texas Court of Criminal Appeals refused his petition for discretionary review. (Docket Sheet 2, doc. 15-3.) A review of the state-court records reveals that Petitioner also filed two relevant state habeas-corpus applications challenging his conviction in 2011 and 2017. (State Habeas R. WR-35,493-09, 2-48, doc. 16-16; State Habeas R. WR-35493-12, 2-19, doc. 16-22.) The first, filed on May 20, 2011, was denied without written order on the findings of the trial court on October 9, 2013, and the second, filed on April 25, 2017, was dismissed on July 12, 2017, as a subsequent application under article 11.07, § 4 of the Texas Code of Criminal Procedure.[2] (State Habeas R. WR-35,493-09, Action

---

[2]Petitioner's state habeas applications are deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The applications do not provide the dates Petitioner placed the documents in the prison mailing system, however the "Inmate's Declaration" contained in each

Taken, doc. 16-16; State Habeas R. WR-35493-12, Action Taken, doc. 16-21.)

On October 18, 2007, the Texas Board of Pardons and Paroles (BOP) voted to revoke Petitioner's parole in Case No. 0964559D. (Pet. 12, doc. 3.) A review of the state-court records reveals that Petitioner filed three relevant state habeas-corpus applications challenging the parole revocation proceedings. The first, filed on November 29, 2006, challenging the pre-parole revocation process, was granted on October 10, 2007. (State Habeas R. WR-35,493-04, Action Taken & 8, doc. 16-7.) The second, filed on May 20, 2011, challenging both his 2007 conviction and the parole revocation, was denied without written order on the findings of the trial court on October 9, 2013. (State Habeas R. WR-35,493-09, Action Taken & 2-48, doc. 16-16.) The third, filed on April 25, 2017, also challenging both his 2007 conviction and the parole revocation, was dismissed as a subsequent application under article 11.07, § 4 of the Texas Code of Criminal Procedure. (State Habeas R. WR-35,493-12, 2-18 & Action Taken, docs. 16-21 & 16-22.)

In one ground for relief, Petitioner claims that he is actually innocent and was denied due process of law as a result of various events, including the "illegal" revocation of his parole, leading up to his 2007 conviction in Case No. 1034587D and he

application reflects the date the application was signed by Petitioner. For purposes of this opinion, Petitioner's state habeas applications are deemed filed on those dates.

requests that the conviction be overturned. (Pet. 6-11, 17, doc. 3.) Respondent asserts that the petition as to both the 2007 conviction and the parole revocation is barred by the federal statute of limitations. (Resp't's Answer 2 n.1, 4-8, doc. 14.)

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on state prisoners seeking federal habeas relief. See 28 U.S.C. § 2244(d). Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed
> application for State post-conviction or other collateral
> review with respect to the pertinent judgment or claim is
> pending shall not be counted toward any period of
> limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

To the extent Petitioner challenges his 2007 conviction in Case No. 1034587D, subsection (A) is applicable. Under that provision, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. Therefore, Petitioner's judgment of conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on August 24, 2010. Accordingly, the statute of limitations began to run the following day and closed one year later on August 24, 2011, absent any tolling. *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.

Petitioner's first state habeas application operated to toll limitations for 874 days under the statutory provision in § 2244(d)(2), making his federal petition due on or before January 14, 2014.[3] However, his second state habeas application filed on April 25, 2017, after limitations had expired, did not operate to further toll the limitations period. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Therefore, the petition is untimely as to Petitioner's 2007 conviction unless he is entitled to tolling as a

---

[3]The year 2012 was a leap year.

matter of equity.

To the extent Petitioner challenges the parole revocation proceedings in Case No. 0964559D, subsection (D) is applicable. Under that provision, the limitations period began to run on the date on which Petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims. The factual basis for claims relating to parole revocations occur at the latest on the date of the revocation. *See Heiser v. Johnson,* 263 F.3d 162, 2001 WL 803542, at *2 (5th Cir. 2001). Therefore, limitations began to run on the date Petitioner's parole was revoked on October 18, 2007, and, absent any tolling, expired one year later on October 18, 2008. (Pet. 12, doc. 3.) His first state habeas application, decided on October 10, 2007, before the parole-revocation date, did not operate to toll limitations under the statutory provision of § 2244(d)(2). Nor do his second and third applications, filed on May 20, 2011, and April 25, 2017, after limitations had expired, operate to toll the limitations period. *See Scott,* 227 F.3d at 263. Therefore, the petition is untimely as to Petitioner's 2007 parole revocation unless he is entitled to tolling as a matter of equity.

Equitable tolling of the statute of limitations is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is

actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631 , 649 (2010). Petitioner cites delay in receiving notice of state-court rulings as the cause for his delay in seeking federal habeas relief. (Pet'r's Reply 1, doc. 17.) Specifically, he alleges (all grammatical and/or punctuation errors are in the original)–

> On or about <u>August 24, 2012</u> petitioner was paroled [from his 2007 25-year sentence in Case No. 1034587D] and notified the District Clerk of Tarrant County of a change of address. On or about <u>June 13, 2013</u> petitioner was incarcerated per parole violation and again notified the Tarrant County District Clerk of his status. On or about <u>July 7, 2014</u> petitioner was released and again notified the Tarrant County District Clerk of his change of address as instructed by the instructions outlined in the cover page of the 11.07 Writ of Habeas Corpus Application. On or about <u>August 8, 2016</u> the petitioner was incarcerated per new case/parole violation and was transferred to The Texas Department of Corrections on or about <u>September 18, 2016</u>. The petitioner requested his sons mother Margo Brown Bailey to contact the Clerk of the Court of Appeals for a status update and on or about <u>October 21, 2016</u> was informed that the writ was denied; and whom also e-mailed a copy to her phone. Ms Bailey then mailed a copy of the writ to the petitioner whom for the first time received and reviewed the 240 page Application/answer.

(Pet'r's Reply 1, doc. 17 (emphasis in original).)

The asserted delay is insufficient to meet the high standard necessary for equitable tolling. *Lewis v. Cockrell,* 33 Fed. App'x 704, 2002 WL 432658, at *3-4 (5th Cir. Mar. 5, 2002). Although Petitioner claims to have notified the trial court clerk regarding his multiple address changes, he provides no proof of his

assertion. Nor does he provide proof of the date he actually received notice of the state court's decision or that he acted diligently to obtain notice. Petitioner, like Ms. Bailey, could have made a similar inquiry regarding the status of his state application between the filing of the application in 2011 and October 2016. Nevertheless, even assuming Petitioner did not receive notice until October 21, 2016, or shortly thereafter, he waited until September 20, 2017--eleven months--to file his federal petition. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).

Finally, to use actual innocence as a "gateway" to overcome the expiration of the statute of limitations, a petitioner is required to produce "new reliable evidence" that was not presented at trial and that is sufficient to persuade the district court that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *McQuiggin,* 569 U.S. at 399 (quoting *Schup v. Delo,* 513 U.S. 298, 327 (1995)). Petitioner makes no such showing. Petitioner fails to establish that an extraordinary factor beyond his control prevented him from filing a timely federal petition or to present a credible claim of actual innocence. Therefore, equitable tolling is not justified.

In summary, Petitioner's federal petition was due on or before January 14, 2014, to assert a cognizable challenge to his 2007 conviction in Case No. 1034587D and was due on or before October

18, 2008, to assert a cognizable challenge to the parole revocation in Case No. 0964559D. His petition filed on September 20, 2017, is therefore untimely in all respects.

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as time-barred.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court

may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED June 6, 2018.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE